**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.  05-cr-00425-REB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

2.  JOSHUA HALL, and
3.  AARON R. BOWEN,

     Defendants.

**ORDER GRANTING DEFENDANT JOSHUA HALL'S
MOTION TO CONTINUE JURY TRIAL**

**Blackburn, J.**

     The matter before me is **Defendant Joshua Hall's Motion To Continue Jury Trial** [#240] filed October 2, 2006. The motion is not opposed by either the government, *see* [#242], or by co-defendant Bowen, *see* [#243]. I grant the unopposed motion.

     In determining a motion to continue, the Tenth Circuit has established the following relevant factors:

> (1) the diligence of the party requesting the continuance; (2) The likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance: [and] (4) The need asserted for the continuance and the harm that [defendant-movant] might suffer as result of the district court's denial of the continuance.

**United States v. Rivera**, 900 F.2d 1462, 1475 (10th Cir. 1990) (*quoting* **United States v. West**, 828 F.2d 1468, 1470 (10th Cir. 1987)). The fourth and final factor is ". . . by far the most important." *Id*. at 1476.  I have considered carefully each of these factors. On

balance these factors weigh in favor of a continuance of the trial.

Although the government and co-defendant have no objection implicitly to severing Hall and Bowen, and, thus, facilitating the trial of Bowen as now set, severance would vitiate the efficiencies inherent to a joint trial. If I grant the continuance with a concomitant severance, then the demonstrated salutary advantages of a joint trial would be lost, and two trials, with their concomitant redundancies, burdens, expenses, and inefficiencies, would be required. A second trial would unreasonably and unnecessarily impose on the witnesses, the prospective and trial jurors, and the court's docket. Therefore, I conclude that Hall's motion should be granted, but without a concomitant severance.

**THEREFORE IT IS ORDERED** as follows:

1. That **Defendant Joshua Hall's Motion To Continue Jury Trial** [#240] filed October 2, 2006, **IS GRANTED**;

2. That the jury trial now set to commence Monday, October 16, 2006, **IS VACATED**; and

3. That the Trial Preparation Conference set Thursday, October 12, 2006, at 3:00 p.m., **IS CONVERTED** to a status-scheduling conference;

Dated October 6, 2006, at Denver, Colorado.

                          **BY THE COURT:**

                          s/ Robert E. Blackburn
                          **Robert E. Blackburn**
                          **United States District Judge**